UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

GUSTAVIA HOME, LLC,

                  Plaintiff,

– against –

CASSANDRA HICKSON, ET AL.,

                  Defendants.

**ORDER**

16-cv-3098 (ERK) (SMG)

KORMAN, *J.*:

    I assume familiarity with the underlying background of this case. Briefly, on March 21, 2017, a default judgment was entered in this action to foreclose a mortgage. On May 3, I entered an order denying a motion for an interim stay to permit 56 Somers St. LLC to file a motion to vacate the default. In so doing, I addressed each of the arguments that 56 Somers said it would raise in such a motion. The reasons for the denial were directly entered on the docket sheet on May 3, 2017. In relevant part, the entry read as follows:

> The uncontroverted affidavit in the record shows that notice of plaintiff Gustavia Home's motion for default judgment of foreclosure was served on 56 Somers St. LLC by mail on February 6, 2017. See ECF No. 27-7. The stay application in support of the motion does not provide any explanation for its delay in seeking a stay or waiting to retain counsel until April 25, 2017. Moreover, although 56 Somers St. LLC seeks relief in part on the ground that diversity jurisdiction is lacking, it has made no such showing. Instead, it intends to seek jurisdictional discovery. This does not provide a basis for this motion for a stay. Third party VVS1 Corp.'s motion to intervene is DENIED for the reasons stated in Gustavia Home's April 25, 2017 letter, see ECF No. 35, and because it failed to file a pleading, see Tummino v. Hamburg, No. 12-CV-763 (ERK) (VVP), 2013 WL 3005554, at *2 (E.D.N.Y. Apr. 5, 2013) (Korman, J.).

    Subsequently, on May 10, 2017, I filed a written order denying another motion for an interim stay, and I also addressed the argument that 56 Somers's proposed to make in a motion to vacate the default judgment – a motion that I preemptively denied. *See* ECF. No. 42. I wrote in relevant part:

1

56 Somers was served with the summons and verified complaint by hand delivery on the Secretary of State of the State of New York on August 12, 2016. *See* Affidavit of Service, ECF No. 22. It has not submitted an affidavit denying that such service was made. It was also served with the motion for default judgment by mail on the Secretary of State of the State of New York on February 6, 2017, *see* Affidavit of Service, ECF No. 27-7, and the notice of sale by the same method on May 4, 2017, *see* Affidavit of Service, ECF No. 39. 56 Somers has likewise not submitted any affidavit denying that it received those notices. It has likewise never asserted, either by affidavit or in the papers filed by its attorney, that it was unaware of the foregoing proceedings. Under these circumstances, the only inference to be drawn is that its failure to answer the complaint was willful. Moreover, 56 Somers does not appear to have any defense on the merits to the claim that Cassandra Hickson defaulted on the mortgage, and that plaintiff Gustavia Home was entitled to foreclose. The eleventh hour application to vacate the default judgment can only serve to cause significant prejudice to Gustavia Home because it would unnecessarily delay the relief to which Gustavia Home is clearly entitled. *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970).

After the filing of yet another motion for reconsideration on May 20, 2017, ECF No. 54, 56 Somers filed a petition for bankruptcy on May 24, 2017. The notice was entered on the docket sheet on the same day. The filing stayed all proceedings in this action including an impending foreclosure sale. The petition was dismissed by the bankruptcy court, in an order filed on June 23, 2017, after the bankruptcy judge found (for a number of reasons) that the petition was not filed in good faith. Specifically, as relevant here, at a hearing held on June 20, 2017, the bankruptcy judge observed:

> The debtor states that the filing was precipitated by its unsuccessful efforts in getting a state or federal District Court to stay the District Court foreclosure action. This factor weighs heavily in favor of dismissal. Whether the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights, that -- the debtor's Chapter 11 petition was filed the day before the foreclosure sale under the federal judgment of foreclosure that was scheduled for May 25, 2017. It's plain that this timing was intended to stave off the sale and the debtor, in fact, concedes this point.

Hearing Tr. 24:24–25:10, *available at 56 Somers St. LLC v. Gustavia Home LLC* (*In re 56 Somers St. LLC*), Case No. 17-11444, ECF. No. 22 (Bankr. S.D.N.Y. 2017).

Undeterred, on July 3rd 56 Somers filed the present motion to vacate the default judgment of foreclosure, based on grounds that were previously raised and rejected, or on grounds that should have been raised. I address them briefly here to the extent that I have not done so earlier. 56 Somers argues that service of process was not made in the manner prescribed by 28 U.S.C. § 1655. This argument is without merit. Section 1655 addresses the method of service that must be undertaken "where any defendant cannot be served within the State" in which the property is located. In such a case, the court may order the absent defendant to appear, and such an order must be served personally if practicable on the absent defendant. Section 1655 does not apply here, because the defendant in the mortgage foreclosure proceeding here, 56 Somers St. LLC, is a New York limited liability company, and service was made on the Secretary of State, whom 56 Somers designated as its agent for the purpose of service of process. *See* N.Y. LLC Law § 301(a). Such service is sufficient to satisfy the procedure which the federal rules prescribe for the service of a summons and complaint.

Specifically, Fed. R. Civ. P. 4(h)(1)(A) provides that an unincorporated association may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) in turn authorizes service on an individual by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Moreover, 56 Somers was required by New York law to update every two years its mailing address (which need not have been its business address) for the Secretary of State to send process. N.Y. LLC Law § 301(e)(1). Significantly, any previously designated mailing address "shall continue until the filing of a certificate . . . directing the mailing to a different post office address." *Id.* § 301(c). Thus, if it is true that 56 Somers failed to comply with § 301, that fact would not affect the validity of the service of the complaint. Moreover, while Gustavia was aware of the then current address at which 56 Somers transacted business at the time it filed the complaint,

3

Complaint ¶8, 56 Somers has not offered any evidence to show that Gustavia was aware that the mailing address on file with the Secretary of State was out of date, nor has it provided any evidence of the date on which it brought that address up to date.

Finally, 56 Somers accuses Gustavia of failing to disclose in its complaint or application for default judgment – which one is not clear – that the instant foreclosure action might be time-barred by a six-year statute of limitations because Gustavia's mortgage loan was allegedly accelerated in 2007 by the original second mortgagee. Mem. Supp. Def. Mot. at 9–21. This claim is without merit, and the Itah declaration, which provides the factual basis for this claim, ECF No. 56-1 ¶103–104, establishes nothing more than that an April 2016 debt collection letter sent by Gustavia to the original homeowner, Cassandra Hickson, demanded that Ms. Hickson pay the total unpaid arrears since 2007, ECF No. 43, and that if she failed to correct the default by May 20, 2016, the entire loan balance may be accelerated. The letter did not suggest that the original second mortgagee had accelerated the entire unpaid loan balance in 2007, as Itah claims.

## CONCLUSION

The motion to vacate the default is denied for the reasons stated above and in my previous orders.

**SO ORDERED.**

Brooklyn, New York
August 21, 2017

*Edward R. Korman*
Edward R. Korman
United States District Judge